WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kristine Smith, | No. CV-20-00797-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| K9 Games AZ LLC, et al., | |
| Defendants. | |

Pending before the Court is Defendants K-9 Games AZ, LLC's ("K-9 Games") and Matthew Kafora and Jennifer Kafora's (collectively, "Defendants") Motion to Dismiss. (Doc. 18.) For the following reasons, the Motion is denied.[1]

## BACKGROUND

Plaintiff Kristine Smith alleges that she is an employee of Defendant K-9 Games, a business that provides animal management services. Defendants Matthew and Jennifer Kafora own majority ownership interest in K-9 Games. While working for K-9 Games, Plaintiff claims that Defendants failed to maintain adequate records of her employment and to properly compensate her. Plaintiff brings this suit alleging violations of the Fair Labor Standards Act ("FLSA") and the Arizona Minimum Wage Act ("AMWA").[2] Defendants

---

[1] Defendants requested oral argument. That request is denied because the parties have had an adequate opportunity to discuss the law and evidence and oral argument will not aid the Court's decision. *See Lake at Las Vegas Invs. Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

[2] In her Third Claim for Relief, Plaintiff also alleged violation of 26 U.S.C. § 7434. However, Plaintiff voluntarily dismissed this claim after Defendants filed their Motion to

move to dismiss Plaintiff's FLSA and AMWA claims.

## DISCUSSION

### I. Legal Standard

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise the right of relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When analyzing a complaint for failure to state a claim, "allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

### II. Analysis

Defendants' Motion to Dismiss relies heavily on a complaint Plaintiff filed in Maricopa County Superior Court in Arizona against Defendants Matthew and Jennifer Kafora ("Superior Court Complaint"). *See* Complaint, Kristine Smith v. Jennifer Kafora and Matthew Kafora, No. CV2020-006377 (Ariz. Super. Ct. June 26, 2020). Defendants request that the Court take judicial notice of the Superior Court Complaint and its allegations. (Doc. 18 at 2.)

#### a. Judicial Notice

Federal Rule of Evidence 201(b) provides that a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." "Judicial notice of court records is routinely accepted." *Rowland v. Paris L.V.*, No. 3:13-cv-02630-GPC-DHB, 2014 WL

---

Dismiss. (Doc. 24.) Accordingly, the Court does not consider Defendants' arguments on Plaintiff's Third Claim for Relief.

769393, at *3 (S.D. Cal. Feb. 25, 2014).  However, a court may not take judicial notice of *disputed* facts stated in public records.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).  Therefore, while courts may take notice of records in another case to determine, for instance, what issues were actually litigated in the past, *see Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006), courts may not take notice of the truth of the facts recited in those records, *see Lee*, 250 F.3d at 690. *See also M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983) ("[A] court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it.").

Contrary to Defendants' characterization of their request, the Court finds that Defendants are asking the Court to go beyond merely recognizing that the allegations in the Superior Court Complaint were made.  Defendants' request necessarily requires the Court to consider the substance of Plaintiff's allegations in the Superior Court Complaint and treat those allegations as if they are true.  Accordingly, the Court takes judicial notice of the existence of the Superior Court Complaint and the nature of the claims brought in that case, but the Court does not take judicial notice of the factual assertions made in the Superior Court Complaint for the purpose of establishing essential facts in this case.  *See Reynoso v. Fidelity Nat. Title Ins. Co.*, No. 03:13-cv-01600-HZ, 2013 WL 6919666, at *3-5 (D. Or. Dec. 31, 2013) (refusing to take judicial notice of allegations in a prior complaint for the purpose of establishing essential facts in a motion to dismiss).

Defendants also argue that Plaintiff is bound by the judicial admissions she made in the Superior Court Complaint.  However, Plaintiff's allegations in the Superior Court Complaint are not judicial admissions in this proceeding.  "Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988).  Although "[a]llegations in a complaint are considered judicial admissions[,]" *Hakopian v. Mukasey*, 551 F.3d 843, 846 (9th Cir. 2008), a party is

only bound by factual allegations in their pleadings in the case in which the admissions are made, *see, e.g.*, *BNSF Ry. Co. v. O'Dea*, 572 F.3d 785, 788 n.4 (9th Cir. 2009) (citing a Fifth Circuit case that held that judicial admissions in an action do not extend to other actions); *Aginsky v. Farmers Ins. Exch.*, 409 F. Supp. 2d 1230, 1236 (D. Or. 2005) ("The rule that an admission of fact in a pleading is a judicial admission applies only if the admission is made in the same judicial proceeding") (internal quotation marks omitted). As the Superior Court Complaint is from a different judicial proceeding, the factual assertions made in that complaint are not judicial admissions here. Instead, the factual assertions are evidentiary admissions, which are non-binding. *See Higgins v. Mississippi*, 217 F.3d 951, 954–55 (7th Cir. 2000). Accordingly, Defendants are not entitled to rely on the factual assertions made in the Superior Court Complaint in support of their Motion.

### b. FLSA

The FLSA provisions that Defendants allegedly violated apply to "employees." *See* 29 U.S.C. §§ 211(c), 206(a), 207. The FLSA defines "employee" as any "individual employed by an employer" and "employer" as a person "acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. §§ 203(d), (e)(1). The Ninth Circuit employs an "economic reality" test to determine whether a claimant is an employee or an employer. *See Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1469 (9th Cir. 1983), *disapproved of on other grounds by Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528 (1985). The test's factors include whether the claimant "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* at 1470. However, the determination depends on the "circumstances of the whole activity." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947).

In her Complaint in this case, Plaintiff alleges she is a W-2 employee and holds the position of a Master Trainer, which includes job duties such as training staff, animals, and clients, conducting employee evaluations, and monitoring animal health and well-being.

(Doc. 1 ¶¶ 7–8.) Plaintiff also alleges she earned a monthly salary and received onsite lodging as a requirement of her employment. *Id.* ¶¶ 10–11. Drawing all reasonable inferences in favor of Plaintiff, Plaintiff has plausibly alleged that she is an employee of K9 Games. It is premature, at this stage, to delve further into the fact-intensive inquiry of whether Plaintiff is an employee or an employer because the Complaint does not provide the requisite information. Accordingly, Defendants' Motion to Dismiss Plaintiff's FLSA claims is denied.

### c. AMWA

The AMWA defines an "employee" as "any person who is or was employed by an employer" and an employer includes someone "acting directly or indirectly in the interest of an employer in relation to an employee." A.R.S. §§ 23-362(A) & (B). The AMWA looks to the standards of the FLSA to determine whether an individual is an employee. *See Martinez v. Ehrenberg Fire Dist.*, No. CV-14-00299-PHX-DGC, 2015 WL 3604191, at *2 (D. Ariz. June 8, 2015). For the same reasons discussed with Plaintiff's FLSA claims, Plaintiff has sufficiently alleged her AMWA claims.[3] For the same reasons discussed with Plaintiff's FLSA claims, Plaintiff has sufficiently alleged her AMWA claims.

### CONCLUSION

Plaintiff has sufficiently alleged her FLSA and AMWA claims. Accordingly,

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 18) is **DENIED.**

Dated this 10th day of November, 2020.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge

---

[3] In their reply, Defendants acknowledge that the AMWA claims are not time-barred under A.R.S. § 23-364, but that "to the extent [Plaintiff] seeks any damages or other remedies under A.R.S. § 23-355, those claims would be time-barred." (Doc. 26 at 8.) As Plaintiff does not seek damages or remedies under A.R.S. § 23-355 in her Complaint, Plaintiff's AMWA claims are not time-barred.