**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kristine Smith,<br><br>        Plaintiff,<br><br>v.<br><br>K9 Games AZ LLC, et al.,<br><br>        Defendants.<br>K9 Games AZ LLC, et al.,<br><br>        Counterclaimant,<br><br>v.<br><br>Kristine Smith,<br><br>        Counterdefendant. | No. CV-20-00797-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff/Counterdefendant Kristine Smith's ("Plaintiff") Motion to Strike Defendants' Answer and Counter Claimant K-9 Games AZ LLC's Counterclaim. (Doc. 33.) For the following reasons, the Motion is denied.

**BACKGROUND**

On April 24, 2020, Plaintiff filed her Complaint against Defendants K9-Games AZ LLC ("K9-Games"), Matthew Kafora, and Jennifer Kafora (collectively, "Defendants"). (Doc. 1.) Defendants subsequently filed a motion to dismiss, (Doc. 18), which the Court denied on November 10, 2020, (Doc. 27). After Defendants failed to file an answer to the

Complaint, Plaintiff filed an application for entry of default on November 30, 2020. (Doc. 28.) Defendants subsequently filed their Answer on December 1, 2020. (Doc. 29.) Due to the filing of Defendants' Answer, the Clerk of Court determined it was unable to enter default. (Doc. 30.) The Court also denied Plaintiff's application for entry of default. (Doc. 37.)

On December 2, 2020, Defendants filed its Counterclaim against Plaintiff. (Doc. 31.) Plaintiff now moves for the Court to strike Defendants' Answer and K9-Games' Counterclaim. (Doc. 33.)

## DISCUSSION

### I. Legal Standard

A court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). "Given their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested relief." *Id.* (internal quotation marks and citations omitted).

### II. Discussion

Under Federal Rule of Civil Procedure 12(a)(4)(A), after a court denies a 12(b)(6) motion the responsive pleading must be served within 14 days after notice of the court's action. The Federal Rules of Civil Procedure do not "provide a specific sanction for late filing of an answer." *McCabe v. Arave*, 827 F.2d 634, 639 n.5 (9th Cir. 1987). Federal courts in this circuit generally hold that untimeliness of an answer, alone, is an insufficient reason to grant a motion to strike. *See, e.g.*, *Franklin v. Cnty. of Placer*, 2:17-cv-2277-

JAM-EFB PS, 2018 WL 1940956, at *6 (E.D. Cal. Apr. 25, 2018) ("[S]triking an answer is not the remedy for a failure to timely respond to a complaint."); *Beal v. U.S. Dep't of Agriculture*, No. CV-10-0257-EFS, 2012 WL 3113181, at *2 (E.D. Wash. July 31, 2012) (accepting a 14-month overdue answer because of the "judicial preference for deciding matters on their merits"); *Est. of Hirata v. Ida*, No. 10-00084 LEK-RLP, 2011 WL 3290409, at *3 (D. Haw. June 14, 2011) (refusing to strike the defendant's affirmative defense where there was no evidence of bad faith and the plaintiff would not be unfairly prejudiced).

Here, there is no evidence, or insinuation, that Defendants filed the Answer late in bad faith.  Additionally, Plaintiff has not shown sufficient prejudice.  The Answer was filed only a week after the deadline and the litigation is still in its early stages.  Plaintiff contends that "Defendants['] frequent failures to meet court deadlines and noncompliance with the Federal Rules adversely impact her costs and timing to present and pursue" her claims. (Doc. 33 at 6.)  Although Plaintiff's frustration with Defendants' frequent failure to meet deadlines is understandable, a few days delay in filing documents is not sufficiently prejudicial to strike Defendants' Answer.[1]  Therefore, Plaintiff's motion to strike Defendants' Answer is denied.

### A. K9-Games' Counterclaim

Plaintiff requests that the Court strike K9-Games' Counterclaim; however, this request is also denied.  Instead, the Court will consolidate Defendants' Answer and K9-Games' Counterclaim.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff/Counterdefendant Kristine Smith's Motion to Strike Defendants' Answer and Counter Claimant K-9 Games AZ LLC's Counterclaim, and in the alternative, Motion for Leave to Answer the Counterclaim

---

[1] Defendants attribute its failure to meet deadlines with a docketing issue at Defendants' counsel's firm.  (Doc. 39 at 2.)  As Defendants assert that this issue has been addressed, the Court expects that Defendants will meet future deadlines or seek a timely extension before deadlines have passed.  The Court will not tolerate future failure to adhere to the Court's rules.

Following the Court's Ruling on this Motion to Strike (Doc. 33) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff file her answer or responsive pleading to K9-Games' Counterclaim within fourteen (14) days from the date of this Order.

**IT IS FURTHER ORDERED** that Defendants' Answer (Doc. 29) be consolidated with K9-Games' first Counterclaim (Doc. 31).

Dated this 25th day of March, 2021.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge